**MAKHAN—SINGH, aka Ram Lubhaya, Petitioner,**

v.

**IMMIGRATION NATURALIZATION AND SERVICE, Respondent.**

**Nos. 00–70558, 00–71632.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 7, 2002.

BEFORE: FISHER and PAEZ, Circuit Judges, and WHELAN, District Judge.*

* The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM **

Makhan Singh—whose real name is Ram Lubhaya—appeals the decisions of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of deportation and his motion to reopen his application pursuant to the United States Convention Against Torture. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We affirm.

Lubhaya may be eligible for asylum either because he has suffered past persecution or because he has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b); *accord Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000); *see also* 8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A). Lubhaya waived on appeal his claim that he suffered past persecution, and the evidence in the administrative record does not compel the conclusion that there is a "reasonable possibility" that Lubhaya will be persecuted if he returns to India. 8 C.F.R. § 208.13(b)(2)(i); *Salazar–Paucar v. INS*, 281 F.3d 1069, 1073–74 (9th Cir.), *amended by* 290 F.3d 964 (9th Cir.2002). Rather, the evidence suggests that the Indian authorities will not target him if he returns. Accordingly, substantial evidence supports the BIA's ruling that Lubhaya does not have a well-founded fear of persecution.

Because Lubhaya cannot qualify for asylum eligibility, he also fails to satisfy the more stringent requirement for withholding of deportation. The evidence does not demonstrate that it is more likely than not that Lubhaya will be subject to persecution if he returns to India. *INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 81

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1

L.Ed.2d 321 (1984); *see also* 8 C.F.R. § 208.16(b).

Finally, Lubhaya cannot satisfy his burden of showing that "it is more likely than not that he ... would be tortured if removed" to India. 8 C.F.R. § 208.16(c)(2). Contrary to the INS's assertion, no authority requires Lubhaya to prove a country wide risk of torture. *See generally* 8 C.F.R. §§ 208.16(c), 208.18. Nonetheless, evidence in the record before us indicates that Lubhaya may safely return to Punjab. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

**AFFIRMED.**

Rawlinson, Circuit Judge, filed a dissenting opinion.